[Common Pleas Court of Franklin County.]

### J. M. WALCUTT v. THE CITY OF COLUMBUS.

Decided, April 29, 1903.

*Judgment by Confession—On the Pleadings—On Statutory Grounds—Personal Presence of City's Legal Adviser Necessary—Entries Should Be Filed, When.*

1. A rule of court providing that "when an entry is approved by counsel it shall be endorsed and furnished to the clerk," requires that the entry be "filed," and that it be filed "when" approved An entry, therefore, granting leave to the plaintiff to amend his petition, which was not filed for more than a year after being endorsed by the solicitor for the city of Columbus, and not until a new solicitor had assumed the office, who had no knowledge that such entry was to be filed *nunc pro tunc*, will upon his motion be set aside, if substantial rights of the city so require.

2. A judgment, confessed by a city council, which is for an amount greater than that prayed for in the original petition, and less than that prayed for in an amended petition to which the city has not answered, can not be entered on the pleadings; and unless the solicitor of such municipality appeared in open court and consented to the entering of the judgment, it did not acquire validity on statutory grounds.

EVANS, J.

On April 29, 1903, a judgment, as by default and on confession by resolution of the city council, was entered in this case in favor of the plaintiff and against defendant, the City of Columbus, for the sum of $63,000.

The director of law of said city now comes into court and moves that said entry and amended petition be stricken from the files and said judgment be set aside and vacated.

On September 28, 1898, the plaintiff filed his petition in this court against the defendant, seeking to recover a judgment against said city for $33,154.03, with interest from September 28, 1892. His ground of recovery therein pleaded was based on a contract in writing made with defendant for the construction of certain sewers in said city. Plans and specifications were attached

to said contract detailing the work and the price therefor.   Part of the work was performed by plaintiff under said contract, and in September, 1892, with the consent of defendant, plaintiff sold and assigned said contract, and in the sale thereof reserved unto himself the right to receive pay for all work done and material furnished under said contract to September 28, 1892, except ten per cent. on certain estimates named.

He says in his first cause of action that he furnished material and performed labor under said contract in the the amount of $77,-127.17, and that he received an estimate from defendant for work and material furnished in the sum of $64,288.30, and claimed due him thereon the sum of $12,838.87, with interest from September 28, 1892.

For a second cause of action he claims that at the request and order of the defendant, through its engineer, in conformity with said contract, he performed labor and furnished material in the construction of said sewers on said contract at prices agreed upon between them, which prices, he says, were just and reasonable, and of the value of $33,736.05, and that defendant paid on account thereof the sum of $13,421.79, and claims a balance due of $20,-315.16.   He prays judgment in full in the sum of $33,154.03, with interest from September 28, 1892.

The defendant answered on March 26, 1901, and, among other things, denies that it is indebted to plaintiff in any sum whatever, pleads the statute of limitations and a settlement and payment to plaintiff in full for all work performed and material furnished under said contract.

On January 24, 1903, plaintiff filed with the clerk of this court an amended petition.   In the first cause of action in said amended petition he claims that he furnished labor and material under said contract to the amount of $85,447.90, and received from defendant on estimates the sum of $63,903.45, and claims a balance due him of $21,544.45, with interest from September 28, 1892.   This is an increase of the amount claimed in the same cause of action of the original petition of $8,705.58.

In the second cause of action of the amended petition plaintiff claims that at the request and order of the defendant, through its engineer and board of public works, he performed labor and fur-

nished material for said sewers, in addition to the labor and material required under the original plans, of a kind and character which defendant had a right to require the plaintiff to furnish under the provisions of said contract.

Plaintiff sets forth various items for extra work, and for material and labor in the sum of $24,040.39, with interest from September 28, 1892, the same being an increase over the sum claimed in the second cause of action of the original petition of $3,725.23. He prays judgment in full in the sum of $45,584.84, with interest from September 28, 1892, an increase claimed over the original petition of $12,430.81.

The parties went to trial in the year 1901, on the original petition and other pleadings, and after the trial had progressed for a time, the plaintiff moved the court for leave to amend his petition. A juror was withdrawn by consent of the court, the cause continued, and leave given plaintiff to file an amended petition. This was in October, 1901. It seems that no entry was furnished of said proceedings and said leave so to amend the petition for more than a year thereafter, and no entry thereof was made until January 24, 1903, at which time a *nunc pro tunc* entry, together with the amended petition was filed with the clerk of this court.

This entry had endorsed on the back thereof: "Approved. Cyrus Huling, of counsel for plaintiff. James M. Butler, then counsel for city. Byrne, Rubrecht & Wildermuth."

Mr. Butler, who was associated with Mr. Rubrecht, assistant director of law, in the partial trial of said case in 1901, but who retired from the case in October, 1901, testifies that some time in December, 1902, or January, 1903, while Luke G. Byrne was director of law, plaintiff presented to him an entry, since filed on January 24, 1903, journalizing the ruling of the court made when the juror was withdrawn, and that he then approved said entry by signing thereon his name as "then counsel for the city;" that he did so upon plaintiff's representation that he would secure the endorsement of the law department, which he afterwards did by securing the indorsement of Byrne, Rubrecht & Wildermuth. He further says that at the time he approved said entry he understood that it was plaintiff's desire and intention to get the case

in shape for trial within a reasonable time if the city council should refuse to settle the same; that after he so approved said entry he had no further personal knowledge of the case until April 29, 1903, and that he did not even know that said entry had been filed, or that the city was in default.

Mr. Rubrecht testifies that he was assistant director of law for a period of twenty months prior to January 17, 1903; that some time in the fall of 1902, the exact date he is unable to state, an entry was presented to him for his approval, indorsed by Mr. Huling for plaintiff, and by Mr. Butler, which entry he states he then approved as being in accordance with the decision of the court in the case when the same was continued by the withdrawal of a juror and leave granted plaintiff to file an' amended petition; that up to the time he retired from the law department, on January 17, 1903, the entry and amended petition had not been filed with the papers in the case, and the city was not then in default; that he urged counsel, for the plaintiff time and again up to the time of his retirement from office that they should complete the records in the case by filing an entry and. their amended petition, but the same was not done. He says that he attended the meetings of the committee of the city council—some twenty-two meetings—appointed to take testimony concerning plaintiff's said claim; that he there represented the law department of the city, furnished the committee all the information in his possession, together with the decisions of the trial court on the trial; that during all of which time said city was not in default for answer, and that said entry and amended petition had not been filed then and not during his incumbency in office. He further testifies that the continuance of the case during said trial was by reason of a ruling of the trial judge that plaintiff could not prove waiver of certain conditions of the contract, and held that an amended petition would be necessary before proof thereof could be admitted, and that counsel for plaintiff decided to file an amended petition, and offered the same in open court at the trial of the case; that objection was then made by counsel for the city for the reason, among others, that the claim as made in the amended petition was increased to $45,-584.83, whereas in the original petition the claim was for $33,-

154.03, and that the city was not at that time ready to proceed with the trial under the amended petition, as it made a new case.

He further says that the council committee began its investigation of said claim in the fall of 1902, and continued the same until some time in February, 1903. He says that he retired from the law department on January 17, 1903; that he frequently searched the files at the court house to ascertain whether or not the amended petition had been filed up to the time of his retirement from office, on January 17, 1903, and that the same was not then filed.

George D. Jones testifies that he became director of law on January 19, 1903; that said journal entry was not brought to his attention as attorney for said city, and that the same was filed without his knowledge or consent on January 24, 1903; that he had no knowledge of the filing of said entry and amended petition until April 29, 1903.

He says that from and after January 19th, when he became director of law, that he was occupied constantly with the business of said city; that he was visited by plaintiff and members of said committee with regard to said claim, and was informed and believed that the litigation thereof was suspended in the courts during said council investigation, and says for that reason he gave no attention to the matter of pleadings in the case further than to understand the issues which were presented by the original petition and answer.

One of the questions presented here is, whether or not a sufficient showing has been made to open up said judgment by default, and allow the city to answer to the amended petition. It appears from the above testimony that George D. Jones was director of law of said city for a period of about five days before said entry and amended petition were filed; that leave to file the the same had been granted by the court more than a year before that time; that Mr. Butler was not of counsel for the city at the time the entry was approved by him or at the time it was filed; that Byrne, Rubrecht & Wildermuth approved the entry some time before they retired as attorneys for the city, and some time before the filing thereof, and had ceased to represent the city as such about one week before the filing of said entry and amended

petition. From the time of the indorsement of the entry Mr. Rubrecht urged counsel for plaintiff to file the same together with the amended petition, and watched the files at the clerk's office up to the time he retired from office, but the same were not filed.

Mr. Jones became director of law on January 19th, and says he was constantly occupied with the legal affairs of the city, and was led to believe that on account of the investigation of council into said claim that the litigation thereof in court was suspended pending said investigation; that the case was not pressed for trial, and he had no reason to believe that any action would be taken therein at that time. He offers an answer, which he claims the city should have leave to file, to the amended petition, if the default judgment is set aside and the amended petition stands.

On such a state of facts, should the city be precluded from answering to said amended petition? My opinion is that inasmuch as the entry was not filed in court until after the term of office of Byrne, Rubrecht & Wildermuth had terminated, and not until five days after the term of Mr. Jones began, that under Rule 8 of the court the entry should have been presented to Mr. Jones for his approval. The entry was not an ordinary one. It embodied an order of court withdrawing a juror and continuing the case, and granted leave to plaintiff to file an amended petition. The amended petition materially changed the cause of action, and materially increased the claim prayed for by plaintiff. I think that Rule 8 applies to such a case, otherwise opposing counsel would not only be deprived of knowledge of the contents of such an entry, but could not know the time of filing of amended pleadings without watching the files from day to day. The rule itself provides that *when* the entry is approved by counsel, it shall be so indorsed and furnished to the clerk. To be furnished to the clerk means to be filed. To be furnished to the clerk *when* it is approved and indorsed fixes the time when it shall be filed.

This entry was not furnished to the clerk when it was approved and indorsed by counsel, and not until long after it was presented to Byrne, Rubrecht & Wildermuth, and endorsed by them, and not until after they had been succeeded by other counsel. What-

ever the cause of delay in furnishing the entry to the clerk until after its indorsers had retired from office, as Mr. Jones was at the time of its filing the legal representative to the city, it should have been presented to him for his approval.

Inasmuch as plaintiff may have sufficient ground, in a proper manner, to file this entry as well as the amended petition, ordinarily in such cases it might be vain to strike them from the files and then grant leave for their refiling. But that will depend under the existing circumstances upon what effect, if any, so doing would have upon the substantial rights of the defendant.

This brings us to the question as to whether or not this judgment should stand on the confession of the city council.

It is not my purpose here to review the action of the city council. The conclusion I have reached renders it unnecessary for me to determine here whether the resolution of the city council offering to confess judgment in this case is lawful and conclusive, or otherwise, and I here pass no opinion on that question. I must consider this motion as though the city had never answered in this case. The answer to the original petition is not an answer to the amended petition. The amended petition, if properly filed, would supersede and take the place of the original petition, and, except as to the original petition, the answer has no bearing on the case.

The amended petition changes the cause of action by pleading such additional matter and claims that the prayer is for judgment for a sum of money much larger than that prayed for in the original petition. Hence, this case stood at the time judgment was entered as though no answer had ever been filed. The city was not advised of the filing thereof, and consequently not advised of the claims set forth in the amended petition, nor of the money judgment prayed for therein, and the judgment entered was not in accordance with the prayer of the amended petition.

Hence, the judgment here is the result of an agreement between the city council and plaintiff upon claims of the latter against the former, by which the city council agrees to confess judgment thereon for the sum of $63,000, in favor of plaintiff. What does

the city council in fact confess judgment upon? The claims of plaintiff against the city independent of this case as investigated and considered by the council committee, upon which it recommended a settlement? Or does it confess judgment in this case? If upon the latter, the amount confessed and entered does not respond to that prayed for in either the original petition or the amended petition.

It is in a sum larger than that prayed for in the original petition, and the original petition had prior thereto been abandoned. It is not according to the prayer of the amended petition, for it is in a sum less than that therein prayed for. Besides, if upon the amended petition, it was upon a pleading that the city had never had an opportunity to take issue on, and one the legal advisers of the city knew nothing about, or the filing thereof, until the day on which the judgment by confession was entered.

The question as to whether or not the judgment by confession was entered in this particular case, depends upon the state of the pleadings, and whether or not it in any manner responds to the pleadings.

If the amended petition was improperly filed, and the city's legal representatives had no notice of its filing, and no knowledge of its contents, and has never had an opportunity to answer, or otherwise, plead thereto, then the judgment could not have been entered on the amended petition.

The resolution of the city council called for an investigation. The committee took evidence and investigated the claims of the plaintiff, and decided to recommend a settlement thereon. It reported that "after an exhaustive, careful and detailed investigation into the whole matter, after obtaining all the evidence and information possible, and after careful consideration of the case, recommends that the case of plaintiff be compromised, if possible, for the sum of $63,000, in full of all claims and demands to date. * * * And if accepted by him, the director of law be authorized to confess judgment for said sum." The resolution of the city council, compromising and settling said case for $63,000, directed the director of law to carry the same into effect "so that judgment may be entered in said cause against said city of Columbus for said sum above mentioned."

If the judgment could not be entered on the pleadings in this case, then the judgment would have to rely on statutory grounds for its validity.

Section 5321 provides:

"A person indebted, or against whom a cause of action exists, may personally appear, in a court of competent jurisdiction, and with the assent of the creditor, or person having such cause of action, confess judgment; whereupon judgment shall be entered accordingly."

Section 5322 provides:

"The debtor's cause of action shall be briefly stated in the judgment, or in a writing to be filed, as pleadings in other cases."

It has been held by our Supreme Court in *Springfield* v. *Walker*, 42 O. S., 543, that "Municipal corporations, that have any controversy as to disputed claims, the same as individuals with whom such controversy exists, are included in the word 'persons,' as used in Section 5601, R. S." This has reference to the arbitration of claims. Unless a similar construction is placed upon the word "persons," in Section 5321, a municipal corporation would have no statutory authority to confess judgment. And there is no good reason why this construction should not be placed on the latter section of the statute.

If so, then before a municipal corporation can confess judgment it must, through its duly authorized representative, appear in court and confess the judgment.

In *Rosebrough* v. *Ansley et al*, 35 O. S., 107, the court held that "Sections 377 and 378 of the Code of 1853, authorizing a judgment without pleadings, apply only to a proceeding wherein the debtor appears *personally* in court and confesses judgment."

In the above case the plaintiff filed his petition against the defendants in the court of common pleas, setting up an action in the ordinary form on a promissory note, and praying for judgment therein.

On the petition a summons was issued and served on the defendants. Subsequently plaintiff and defendants entered into an agreement in writing whereby defendants agreed to confess judg-

ment in favor of plaintiff for a stipulated sum, and this written agreement to confess judgment was filed with the papers in the case. Shortly thereafter the defendants signed an answer in the case prepared by counsel for plaintiff, and this answer asked the court to enter judgment against them for the sum stipulated. Thereupon a judgment was entered by the court upon the petition, the agreement in writing and the answer.

McIlvane, Judge, in his opinion, says:

"It will be observed that, in a proceeding under these sections (the sections above quoted), the cause of action must be stated on the record, either in the judgment or in a writing filed as pleadings. But we can not look to the judgment, or the paper filed as pleadings, for a statement of the cause of action in the case now before us, for the reason that the proceeding does not come within the provision of those sections, inasmuch as the record does not show that the parties consenting to the judgment *personally appeared* in open court."

The sections above quoted are the same as the provisions of Sections 5321 and 5322, R. S.

In the light of the above authorities, I am of the opinion that the judgment by confession in this case can only be considered as one attempted to be entered on statutory grounds, and as such it could not stand in the absence of the personal presence of the director of law in open court and confessing judgment on behalf of the city. The city council in the resolution recognized the necessity of such a representative and authorized him so to do, and the judgment having been entered without his presence, there was no representative of the city present in court with authority to confess judgment.

As I have heretofore stated, I here pass no opinion on the validity of the resolution of the city council adjusting and compromising the claims of plaintiff against the city. So that the conclusions I here reach will in no wise prejudice his rights under that resolution, if the same are, in a proper proceeding, found to be valid under the lawful powers of the city council. While the city council itself is not here seeking a revocation of these proceedings, yet, in my opinion, inasmuch as the city has substantial rights affected by these proceedings such as will entitle it to the

relief here sought, the director of law, and now the city solicitor, as the legal advisor and attorney for the city, has, as such representative, the standing here sufficient to ask the relief embodied in the motion.

It is therefore ordered that the *nunc pro tunc* journal entry and the amended petition filed herein on January 24, 1903, be stricken from the files, and that the judgment entered on April 29, 1903, as by default and by confession in favor of the plaintiff and against the defendant be set aside and vacated.

*E. P. Evans, G. H. Stewart, Cyrus Huling* and *F. A. Davis,* for plaintiff.

*J. M. Butler* and *G. D. Jones,* for defendant.